1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   SOHAN SINGH BRAICH,            )    1:07-cv-1148 OWW DLB
                                   )
10              Plaintiff,         )    SCHEDULING CONFERENCE ORDER
                                   )
11       v.                        )    Discovery Cut-Off: 5/2/08
                                   )
12   LAKHA CORPORATION, INC., dba AM )  Non-Dispositive Motion
     PM ARCO,                      )    Filing Deadline: 5/15/08
13                                 )
                Defendant.         )    Dispositive Motion Filing
14                                 )    Deadline: 5/30/08
     _____ )
15                                      Settlement Conference Date:
                                        None
16
                                        Pre-Trial Conference
17                                      Date: 8/11/08 11:00 Ctrm. 3

18                                      Trial Date: 9/9/08 9:00
                                        Ctrm. 3 (JT-6 days)
19

20

21  I.   Date of Scheduling Conference.

22       November 29, 2007.

23  II.  Appearances Of Counsel.

24       Herrick Law Offices by Michael Herrick, Esq., appeared on

25  behalf of Plaintiff.

26       Gianelli & Associates by Brett L. Dickerson, Esq., appeared

27  on behalf of Defendant.

28  ///

                               1

**III.   Summary of Pleadings.**

1.   Plaintiff, Sohan Singh Braich, filed this case on August 8, 2007.  Defendant, Lakha Corporation, Inc. ("Lakha" or "Defendant") filed a timely answer to Plaintiff's complaint on September 20, 2007.  Plaintiff asserts five causes of action in his complaint: (1) non-payment of overtime wages under California law (California Labor Code § 1194.2); (2) non-payment of overtime wages under Federal law (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.); (3) restitution of unpaid overtime wages in violation of California's Unfair Trade Practices Act (Cal. Bus. & Prof. Code § 17200 et seq.); (4) a claim for civil penalties under Cal. Labor Code § 558; and (5) a claim for waiting time penalties under Cal. Labor Code § 203, all related to his employment with Defendant.

2.   Plaintiff was employed by Defendant from April 9, 2005, to February 24, 2007, initially as a cashier in its retail quick service station.  Plaintiff claims that he was a "non-exempt" employee and was not compensated for all hours worked.  Plaintiff claims that he worked in excess of 8 hours per day and in excess of 40 hours per week without receiving one and one-half or double his regular rate of pay.  Defendant disputes these claims and asserts that Plaintiff was paid all wages due in a timely manner.

**IV.   Orders Re Amendments To Pleadings.**

1.   The parties do not contemplate filing any amendments to the pleadings at this time.

**V.   Factual Summary.**

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

2

1       1.   Plaintiff was employed by Defendant April 9, 2005,
2  to February 24, 2007.

3       2.   Plaintiff was initially employed as a cashier in
4  the retail quick service station.

5       3.   Defendant Lakha Corporation, Inc., dba AM PM Arco,
6  is a California corporation doing business in the Eastern
7  District of California at all times alleged.

8       B.   Contested Facts.

9       Plaintiff's

10      1.   Is the Defendant employer able to prove that the
11  actual work performed by the Plaintiff allowed the employer to
12  treat the Plaintiff as "exempt" employee from the requirement to
13  pay overtime for work performed in excess of forty hours a week
14  under both state and federal law?

15      2.   What, if any, were the actual hours Plaintiff
16  worked in excess of forty hours a week?

17      3.   If Plaintiff worked in excess of forty hours a
18  week, how much overtime is owed?

19      4.   Can the Defendant prove a "good faith" exemption
20  from liquidated damages under the FLSA for any overtime not paid
21  under the Act?

22      5.   Is the Defendant able to prove that the Plaintiff
23  is not entitled to "waiting time penalties" under California
24  Labor Code § 203?

25      Defendant's

26      6.   Whether Plaintiff was exempt from the payment of
27  overtime wages under the Fair Labor Standards Act, the California
28  Labor Code and the applicable Orders of the Industrial Welfare

3

1   Commission.

2          7.    Whether Plaintiff worked any hours in excess of
3   eight in a given workday and was not compensated at the
4   appropriate overtime rate for such work.

5          8.    Whether Plaintiff worked any hours in excess of 40
6   in any given work week and was not compensated at the appropriate
7   overtime rate for such work.

8          9.    Whether Plaintiff was not fully compensated for
9   any work performed.

10         10.   Whether Plaintiff complied with his obligations
11   under California Labor Code §§ 2854 and 2856.

12         11.   Whether Plaintiff unreasonably failed to give
13   notice of any alleged violations of State or Federal wage law.

14   VI.   Legal Issues.

15         A.    Uncontested.

16         1.    Jurisdiction exists under 28 U.S.C. § 1331 and the
17   Fair Labor Standards Act.

18         2.    Venue is proper under 28 U.S.C. § 1392.

19         3.    As to supplemental claims, the parties agree that
20   the substantive law of the State of California provides the rule
21   of decision.

22         B.    Contested.

23         Plaintiff's

24         1.    Is the Plaintiff "exempt" under California law?

25         2.    Is the Plaintiff "exempt" under the Fair Labor
26   Standards Act?

27         3.    If the Plaintiff was classified as "exempt," is
28   his exempt status lost to the Defendant employer by the Plaintiff

4

1  being required to perform excessive "non-exempt" duties pursuant
2  to the prohibitions in the CFRs and the Wage Orders?

3        4.    Is Plaintiff due "overtime" remedies against
4  Defendant?

5        5.    Did Defendant violate California Labor Code
6  §§ 510, 1194, 1173, 558, and 203?

7        6.    Did Defendant violate the Fair Labor Standards
8  Act, 29 U.S.C. § 201 et seq.?

9        7.    Can the Defendant prove an affirmative defense of
10  "good faith" to avoid liquidated damages for any unpaid overtime
11  under § 216(b) of FLSA?

12        8.    Is the Defendant liable to pay Plaintiff "waiting
13  time penalties" pursuant to Labor Code § 203, for failure to pay
14  Plaintiff all his wages at the termination of his employment.
15  VII. Alternative Dispute Resolution.

16        1.    The parties have agreed to proceed with voluntary
17  dispute resolution and the parties will be referred to Magistrate
18  Judge Beck upon completion of this Order.

19  VIII.  Consent to Magistrate Judge Jurisdiction.

20        1.    The parties have not consented to transfer the
21  case to the Magistrate Judge for all purposes, including trial.
22  IX.    Corporate Identification Statement.

23        1.    Any nongovernmental corporate party to any action in
24  this court shall file a statement identifying all its parent
25  corporations and listing any entity that owns 10% or more of the
26  party's equity securities.  A party shall file the statement with
27  its initial pleading filed in this court and shall supplement the
28  statement within a reasonable time of any change in the

5

information.

X.   Discovery Plan and Cut-Off Date.

    1.   The parties will make their initial disclosures on or before December 1, 2007.

    2.   The parties are ordered to complete all discovery on or before May 2, 2008.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before March 3, 2008.  Any supplemental or rebuttal expert disclosures will be made on or before April 3, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

XI.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before May 15, 2008, and heard on June 16, 2008, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

1        2.    In scheduling such motions, the Magistrate

2    Judge may grant applications for an order shortening time

3    pursuant to Local Rule 142(d).  However, if counsel does not

4    obtain an order shortening time, the notice of motion must comply

5    with Local Rule 251.

6        3.    All Dispositive Pre-Trial Motions are to be

7    filed no later than May 30, 2008, and will be heard on July 7,

8    2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

9    States District Judge, in Courtroom 3, 7th Floor.  In scheduling

10   such motions, counsel shall comply with Local Rule 230.

11   XII. Pre-Trial Conference Date.

12       1.    August 11, 2008, at 11:00 a.m. in Courtroom 3, 7th

13   Floor, before the Honorable Oliver W. Wanger, United States

14   District Judge.

15       2.    The parties are ordered to file a Joint Pre-

16   Trial Statement pursuant to Local Rule 281(a)(2).

17       3.    Counsel's attention is directed to Rules 281

18   and 282 of the Local Rules of Practice for the Eastern District

19   of California, as to the obligations of counsel in preparing for

20   the pre-trial conference.  The Court will insist upon strict

21   compliance with those rules.

22   XIII.  Trial Date.

23       1.    September 9, 2008, at the hour of 9:00 a.m. in

24   Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,

25   United States District Judge.

26       2.    This is a jury trial.

27       3.    Counsels' Estimate Of Trial Time:

28           a.    3-6 days.

1     **4.    Counsels' attention is directed to Local Rules**

2  **of Practice for the Eastern District of California, Rule 285.**

3  **XIV. Settlement Conference.**

4          **1.    No Settlement Conference is scheduled at this time.**

5          **2.    Unless otherwise permitted in advance by the**

6  **Court, the attorneys who will try the case shall appear at the**

7  **Settlement Conference with the parties and the person or persons**

8  **having full authority to negotiate and settle the case on any**

9  **terms at the conference.**

10         **3.    Permission for a party [not attorney] to attend**

11 **by telephone may be granted upon request, by letter, with a copy**

12 **to the other parties, if the party [not attorney] lives and works**

13 **outside the Eastern District of California, and attendance in**

14 **person would constitute a hardship.  If telephone attendance is**

15 **allowed, the party must be immediately available throughout the**

16 **conference until excused regardless of time zone differences.**

17 **Any other special arrangements desired in cases where settlement**

18 **authority rests with a governing body, shall also be proposed in**

19 **advance by letter copied to all other parties.**

20         **4.    Confidential Settlement Conference Statement.**

21 **At least five (5) days prior to the Settlement Conference the**

22 **parties shall submit, directly to the Magistrate Judge's**

23 **chambers, a confidential settlement conference statement.  The**

24 **statement should not be filed with the Clerk of the Court nor**

25 **served on any other party.  Each statement shall be clearly**

26 **marked "confidential" with the date and time of the Settlement**

27 **Conference indicated prominently thereon.  Counsel are urged to**

28 **request the return of their statements if settlement is not**

1  achieved and if such a request is not made the Court will dispose

2  of the statement.

3      5.   The Confidential Settlement Conference

4  Statement shall include the following:

5          a.   A brief statement of the facts of the

6  case.

7          b.   A brief statement of the claims and

8  defenses, i.e., statutory or other grounds upon which the claims

9  are founded; a forthright evaluation of the parties' likelihood

10 of prevailing on the claims and defenses; and a description of

11 the major issues in dispute.

12         c.   A summary of the proceedings to date.

13         d.   An estimate of the cost and time to be

14 expended for further discovery, pre-trial and trial.

15         e.   The relief sought.

16         f.   The parties' position on settlement,

17 including present demands and offers and a history of past

18 settlement discussions, offers and demands.

19 XV.  Request For Bifurcation, Appointment Of Special Master,

20 Or Other Techniques To Shorten Trial.

21     1.   None.

22 XVI. Related Matters Pending.

23     1.   There are no related matters.

24 XVII.  Compliance With Federal Procedure.

25     1.   The Court requires compliance with the Federal

26 Rules of Civil Procedure and the Local Rules of Practice for the

27 Eastern District of California.   To aid the court in the

28 efficient administration of this case, all counsel are directed

1  to familiarize themselves with the Federal Rules of Civil

2  Procedure and the Local Rules of Practice of the Eastern District

3  of California, and keep abreast of any amendments thereto.

4  XVIII.   Effect Of This Order.

5          1.   The foregoing order represents the best

6  estimate of the court and counsel as to the agenda most suitable

7  to bring this case to resolution.   The trial date reserved is

8  specifically reserved for this case.   If the parties determine at

9  any time that the schedule outlined in this order cannot be met,

10  counsel are ordered to notify the court immediately of that fact

11  so that adjustments may be made, either by stipulation or by

12  subsequent scheduling conference.

13          2.   Stipulations extending the deadlines contained

14  herein will not be considered unless they are accompanied by

15  affidavits or declarations, and where appropriate attached

16  exhibits, which establish good cause for granting the relief

17  requested.

18          3.   Failure to comply with this order may result in

19  the imposition of sanctions.

20

21  IT IS SO ORDERED.

22  Dated:   November 29, 2007          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28